AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

# United States District Court

| District | Eastern Massachusetts |
|---|---|

| Name | Prisoner No. | Case No. |
|---|---|---|
| Luis Ortiz | W68187 | |

**Place of Confinement**
Souza Baranowski Correctional Center
P.O. BOX 8000, Harvard Rd, Shirley, MA. 01464

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Luis Ortiz<br>Petitioner | Edward Ficco, Superintendent<br>Respondent |

V.

The Attorney General of the State of: Massachusetts

*RECEIVED NOV 25 2003 UNITED STATES DISTRICT COURT CLERK'S OFFICE*

03-12531-NG

*Referred to Ch. MJ, MBB*

## PETITION

1. Name and location of court which entered the judgment of conviction under attack   Worcester Superior Court, 2 Main St., Worcester, MA. 01608-1176

2. Date of judgment of conviction   May 31, 2000

3. Length of sentence   #99-0487(1), 15-20 yrs.  #00-0487(2), 9-10 yrs concurrent

4. Nature of offense involved (all counts)   #99-0487(1), Armed Assault w/ intent to Murder.
   #99-0487(2), A and B, Dangerous Weapon

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

(2)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any ground which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A.   Ground one:

Judge committed reversable error in admitting police testimony that alleged victim's mother, Anna Torres, had identified the petitioner/defendant by name at the scene following the incident, which was hearsay subject to no exception.

Supporting facts:

Torres' own testimony was conflicting as to whether she identified the alleged perpetrators to the detective at the scene following the incident.
The Superior Court admitted the evidence of Torres' identifications at the scene admissible as a prior consistent statement. The Appeals Court upheld it's admission on that theary.
Defense counsel objected during examination when the prosecutor reached the matter in question and two other times dealing with hearsay.
The evidence was not admissible as a <u>prior consistent statement.</u>
Defendants' theary was Torres' motive to fabricate to protect the perpetrator, her boyfriend, Frank Perez. Torres' accusation of the defendant at the time the shooting took place was made after the alleged motive to falsify came into existence. As a result Torres' alleged identification of the defendant at the scene was not admissible through the detective as a prior consistent statement. Thus the erroneous admission of this evidence was prejudicial and requires reversal.

AO 241 (Rev. 5/85)

C.  Ground three: __N/A__

Supporting FACTS (state *briefly* without citing cases or law) __N/A__

D.  Ground four: __N/A__

Supporting FACTS (state *briefly* without citing cases or law) __N/A__

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: __N/A__

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a)  At preliminary hearing __C.P.C.S. Atty John T. Roemer, 340 Main St. Rm. 724 Worcester, MA. 01608-1601.__

    (b)  At arraignment and plea __(same) Atty John T. Roemer__

(6)

AO 241 (Rev. 5/85)

(c) At trial ___(same) Atty. John T. Roemer___

(d) At sentencing ___(same) Atty. John T. Roemer___

(e) On appeal ___Eric S. Brandt, Esq.   (C.P.C.S.),  44 Broomfield St.  Boston, MA. 02108___

(f) In any post-conviction proceeding ___S.J.C. - Eric S. Brandt, Esq. (C.P.C.S.)___

(g) On appeal from any adverse ruling in a post-conviction proceeding ___N/A___

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
    Yes ☒X    No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐    No ☒x
    (a) If so, give name and location of court which imposed sentence to be served in the future: ___N/A___
    (b) Give date and length of the above sentence: ___N/A___
    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ☐    No ☐
        N/A

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

___N/A___
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

___11/25/03___
(date)

X _Luis A. Ortiz_
Signature of Petitioner

(7)

784 N.E.2d 50, 57 Mass.App.Ct. 1111, Com. v. Ortiz, (Mass.App.Ct. 2003)                                                          Page 1

*50  784 N.E.2d 50

57 Mass.App.Ct. 1111

NOTICE: THIS IS AN UNPUBLISHED OPINION.

Appeals Court of Massachusetts.

COMMONWEALTH,
v.
Luis ORTIZ.
No. 01-P-533.
Feb. 28, 2003.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

Luis Ortiz was convicted by a Superior Court jury of armed assault with intent to murder, G.L. c. 265, § 18(b), and assault and battery by means of a dangerous weapon, G.L. c. 265, § 15A(b), for his role in a drive-by shooting that injured a seven-year old child as she played in the yard near her parents, Anna Torres and Frankie Perez. In this single-issue appeal, the defendant claims that it was reversible error to permit a police witness to testify that Anna, the Commonwealth's principal witness, had identified the defendant following the incident.

The jury could have found, based on Anna's testimony, that as she and Frankie walked down the street on the afternoon of August 22, 1999, an automobile came up behind them. Inside she saw three people she knew, including the defendant, who was driving. The front seat passenger, Jimmy Saez, held a gun out the window and fired a shot which struck her daughter in the arm. Either before or after going to the hospital on the day of the shooting, Anna told police the names of the three people she had seen in the car; within two or three days Anna had selected the photographs of each of the three, identifying the photograph of the defendant as that of "Pete Malek." Anna knew that Pete Malek also went by the name Luis Ortiz; she identified the defendant in the court room as the person she had seen driving the car.

The officer who interviewed Anna following the shooting testified that she had identified "Lelo, Jimmy Saez or Zayes and Pete Malek" as the persons involved in the incident, and that she had told him: "Lelo was in the back seat, Pete Malek was the driver, and Jimmy Saez or Zayes was the front seat passenger who fired the gun."

The defendant claims on appeal that the police officer's testimony was hearsay that did not fall into any of the recognized exceptions to the hearsay proscription. Specifically, the defendant contends that the statements were not admissible as prior consistent statements or to show the "state of police knowledge," the exceptions under which the judge apparently admitted the evidence. We agree with the defendant that the evidence was inadmissible to show the state of police knowledge. Where, as here, identification was not the issue, the officer's response strayed far beyond that which was necessary to explain police conduct or to establish the officer's state of knowledge. *Commonwealth v. Rosario*, 430 Mass. 505, 509 (1999) (such "testimony must be limited to the facts required to establish the officer's state of knowledge. Disclosure of the substance of the conversation ordinarily is not required, and should be curtailed because of its prejudicial potential.") See also *Commonwealth v. Perez*, 27 Mass.App.Ct. 550, 554-555 (1989) ("The specific description of the defendant given to the investigator is ... seldom needed and the likelihood of prejudice is great. For this reason a statement that an officer acted 'upon information received,' or 'as a consequence of a conversation,' or words to that effect--without further detail--satisfy the purpose of explaining police conduct.")

We conclude, however, that the evidence was admissible as a prior consistent statement to rebut the charge that Anna's in-court statements were the product of bias against the defendant or were fabricated to cast suspicion on someone other than her boyfriend, Frankie. (FN1) See *Commonwealth v. Zukoski*, 370 Mass. 23, 27 (1976). We note that the trial judge instructed the jury that an out-of-court statement, whether consistent or inconsistent with in-court testimony, "is not itself positive evidence of facts mentioned in it. To repeat, if there's been a suggestion that a witness contrived testimony at trial, when you evaluate that claim, you may also take into account whether any earlier statement the witness made which is consistent with the present testimony. The prior statement is relevant only as to the credibility of the witnesses on that particular point." In view of our decision, we need not consider whether, as the Commonwealth argues, the testimony also was admissible under the rubric of *Commonwealth v. Repoza*, 382 Mass. 119, 130 (1980), S.C., 400 Mass. 516, cert. denied, 484 U.S. 935 (1987) (testimony admitted to corroborate fact of prior identification).

*50_ Judgment affirmed.
(FN1.) That there was scant, if any, evidence to support defense counsel's opening remarks that the evidence would show that it was Frankie who had the

Copyright (c) West Group 2003 No claim to original U.S. Govt. works

784 N.E.2d 50, 57 Mass.App.Ct. 1111, Com. v. Ortiz, (Mass.App.Ct. 2003)                                                                                           Page 2

motive and opportunity to fire the gunshot that accidently hit his daughter does not detract from the fact that the defendant sought to portray Anna's testimony implicating the defendant as having been fabricated for this purpose. Indeed, as the cross-examination of Anna reveals, the defendant attempted to elicit testimony that it was not until well after Anna had returned from the hospital, and had had a chance to speak with her boyfriend, Frankie, that Anna had identified the defendant as one of the three assailants.

Copyright (c) West Group 2003 No claim to original U.S. Govt. works

**Subject:** FAR-13299 - Notice: FAR denied
**Date:** Wed, 30 Apr 2003 18:00:10 -0400
**From:** SJCCommClerk@sjc.state.ma.us
**To:** ebrandt@publiccounsel.net (Eric S. Brandt, Esquire)

```
     Supreme Judicial Court for the Commonwealth of Massachusetts
            1412 Courthouse, Boston, Massachusetts 02108
                           (617) 557-1020

  RE:   Docket No. FAR-13299

  COMMONWEALTH
        vs.
  LUIS ORTIZ

        Worcester Superior Court No. WOCR1999-00487
        A.C. No. 2001-P-0533

                 NOTICE OF DENIAL OF F.A.R. APPLICATION

       Please take note that on 04/30/03, the above-
  captioned Application for Further Appellate Review was denied.

                                     Susan Mellen, Clerk

  Dated: April 30, 2003

  To:   Ellyn H. Lazar-Moore, A.D.A.
        Eric S. Brandt, Esquire
  ------------------------------------------------------------------
  This e-mail notice is being sent to you as part of a pilot program
  being conducted by the SJC Full Court Clerk's office.  Under the
  program, notices will be sent by e-mail to those whose e-mail
  addresses have been provided to the Clerk's office.  During the pilot
  program, a copy of the notice will also be sent to you by regular
  mail.  If you have any comments about this e-mail notification,
  please let us know.  If you would prefer not to receive such e-mail
  notices, please notify us at the above e-mail address.  Thank you.
```

787 N.E.2d 1058, 439 Mass. 1104, Com. v. Ortiz, (Mass. 2003)

Page 1

*1058 787 N.E.2d 1058

439 Mass. 1104

(The Court's decision is referenced in a "Supreme Judicial Court of Massachusetts Further Appellate Review" table in the North Eastern Reporter.)

Supreme Judicial Court of Massachusetts.

Commonwealth
v.
**Luis Ortiz**
April 30, 2003

Appeal From: 57 Mass.App.Ct. 1111, 784 N.E.2d 50.

DENIED.

© 2003 West, a Thomson business. No claim to original U.S. Govt. works.