UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LUIS ORTIZ,               ) | |
|                           ) | |
|     Petitioner,           ) | |
|                           ) | |
| v.                        ) | Civil Action No. 03-12531-NG |
|                           ) | |
| EDWARD FICCO,             ) | |
|                           ) | |
|     Respondent.           ) | |

# MEMORANDUM OF LAW IN SUPPORT OF
## RESPONDENT'S MOTION TO DISMISS PETITION
### FOR WRIT OF HABEAS CORPUS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the respondent, Edward Ficco, respectfully submits this motion to dismiss the petition for writ of habeas corpus filed by the petitioner, Luis Ortiz, on the grounds that the petition fails to state a claim upon which relief may be granted.[1] As grounds for this motion, and as set forth more fully herein, the petition for a writ of habeas corpus may not be granted because the petitioner has failed to exhaust the claim stated in his petition for a writ of habeas corpus, i.e., he has failed to present his claim to the state's highest court before bringing it in federal court. Specifically, the petitioner's claim was never presented to the state court as a federal constitutional claim. Because the petitioner has not yet provided the state's highest court with the first opportunity to pass on the merits of this claim, the petition should be dismissed. 28 U.S.C. § 2254(b)-(c); *Rose*

---

[1] In the event that this Court declines to dismiss the petition on the grounds set forth in this memorandum, the respondent reserved the right, and requests the opportunity, to address the merits of the claim in this petition.

*v. Lundy*, 455 U.S. 509, 510 (1982).

## BACKGROUND

### Prior Proceedings

On May 31, 2000, following a trial in the Worcester County Superior Court, the petitioner was found guilty of armed assault with intent to murder and of assault and battery with a dangerous weapon. *See* Docket Sheet, contained in Supplemental Answer, filed herewith (hereinafter cited as "Supp. Ans.") as Exhibit 1; *see also Commonwealth v. Luis Ortiz,* 57 Mass. App. Ct. 1111 (table), Supp. Ans., Ex. 4.

The petitioner appealed his conviction on direct appeal to the Massachusetts Appeals Court. *See* Supp. Ans., Exs. 2-4. In making this challenge to his conviction, the petitioner relied almost exclusively on Massachusetts law. *See* Supp. Ans., Ex. 2. The Appeals Court affirmed the petitioner's conviction on February 28, 2003. *See Commonwealth v. Luis Ortiz,* 57 Mass. App. Ct. 1111 (table), Supp. Ans., Ex. 4. The petitioner filed an application for further appellate review ("ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC"). *See* Supp. Ans., Ex. 6.

As grounds for his ALOFAR, the petitioner argued that the trial judge committed reversible error by admitting a police officer's testimony that the Commonwealth's principal witness identified the defendant at the scene of the crime following the incident. *See* Supp. Ans., Ex. 5, pp. 9-18. The petitioner based his challenge to his conviction almost exclusively on Massachusetts law. *See* Supp. Ans., Ex. 5. The petitioner claims that this testimony was hearsay, not subject to any exception. *Id.* The SJC denied the petitioner's motion for further appellate review on April 30, 2003. Supp. Ans., Ex. 6, *Commonwealth v. Luis Ortiz,* 439 Mass.

1104 (table) 2003.

## The Instant Federal Habeas Petition

The petitioner filed the instant petition for a writ of habeas corpus on November 25, 2003.  In support of his petition, the petitioner claims that the trial judge committed reversible error in admitting police testimony that the Commonwealth's principal witness identified the defendant at the scene of the crime following the incident.  The petitioner claims that this testimony was hearsay, not subject to any exception.

## ARGUMENT

**A.    Standard**

The instant habeas petition should be denied because the petitioner has failed to exhaust his state court remedies.  It is well established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925). *See also Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-62 (1st Cir. 1997); *Dougan v. Ponte*, 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. § 2254(b)(1)(A).  The longstanding exhaustion requirement[2], in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing]

---

[2] The exhaustion requirement is codified at 28 U.S.C. §§ 2254(b) and (c), which preclude federal habeas review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). *See also Mele v. Fitchburg Dist. Ct.*, 850 F.2d 817, 819 (1st Cir. 1988).

3

friction between our federal and state systems of justice." *Rose*, 455 U.S. at 518. *See also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Ex parte Royall*, 117 U.S. 241, 251 (1886)(state and federal courts are "equally bound to guard and protect rights secured by the Constitution"); *Scarpa v. DuBois,* 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied,* 513 U.S. 1129 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984); *Mele*, 850 F.2d at 819.

It is the petitioner's heavy burden to demonstrate that his any federal errors in the state court proceedings were fairly presented to the state's highest court. *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir. 1989). In order to present a claim sufficiently for exhaustion purposes, "a petitioner must inform the state court of *both* the factual and legal underpinnings of the claim." *Scarpa*, 38 F.3d at 6 (emphasis added). Further, in order for it to be said that the petitioner has exhausted his state remedies as to his federal habeas claims, he must have presented the state court with evidence of the federal nature of his claim, such as:

> "specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, argument with no masking state-law character . . . such as would in all likelihood alert a reasonable jurist as to the existence of a federal question."

*Nadworny*, 872 F.2d at 1101. "The fewer the [federal] trappings that adorn a petitioner's state court filings, the less likely that [a federal court] will find his federal claim to have been exhausted." *Adelson*, 131 F.3d at 262.

**B.  The Petitioner Cannot State an Actionable Claim for a Writ of Habeas Corpus, Since He Has Not First Presented the Federal Constitutional Nature of His Claims to the Massachusetts Supreme Judicial Court.**

Assuming that the claim asserted in Ground One of the petition for a writ of habeas corpus states a claim of a federal constitutional violation, the petitioner has failed to bring this claim before the SJC. Since the petitioner did not present the constitutional basis of any claimed error in the trial court's decision to the state court, the petitioner's claim is not properly exhausted and should be dismissed.

To satisfy the exhaustion requirement, "the petitioner must have fairly presented the substance of his federal habeas claim to the state court before seeking federal habeas review." *Martens v. Shannon,* 836 F.2d 715, 717 (1st Cir. 1988), quoting *Gagne v. Fair,* 835 F.2d 6, 8 (1st Cir. 1987). *Accord Dougan,* 727 F.2d at 200. Exhaustion requires the petitioner to "fairly present . . . the issue" to "the state's highest tribunal." *Mele,* 850 F.2d at 820. In Massachusetts, "an appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the ALOFAR." *Mele,* 850 F.2d at 823.

It is not sufficient for a petitioner to rest on a bare suggestion of a federal claim in his ALOFAR; rather, the petitioner must set forth an analysis in his ALOFAR which is "likely to alert the court to the claim's federal nature." *Nadworny,* 872 F.2d at 1098, *quoting Daye v. Attorney General of New York,* 696 F.2d 186, 192 (2nd Cir. 1982)(en banc), *cert. denied,* 464 U.S. 1048 (1984). It is not enough that all of the facts necessary to support the federal claim were before the state court, or that a somewhat similar state-law claim was made. *Anderson v.*

*Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 276-77 (1971). *See also Duncan*, 513 U.S. at 366. Rather, "the exhaustion requirement requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references [that] hint that a [federal] theory may be lurking in the woodwork will not turn the exhaustion trick." *Martens*, 836 F.2d at 717.

Here, the petitioner's ALOFAR contains absolutely no reference to a federal constitutional violation other than a brief, conclusory sentence in the concluding paragraph of the brief which indicates that the admission of the hearsay testimony violated the defendant's confrontation and due process rights under the Sixth and Fourteenth Amendments. *See* Supp. Ans., Ex. 5. There is no analysis of this issue; instead, the petitioner "relied upon Massachusetts case law and debated the assignment of error exclusively in state law terms." *Adelson*, 131 F.3d at 263. The fact that he mentioned two constitutional amendments in the last paragraph of his ALOFAR does not preserve his claim, for courts have held that "the mere incantation of constitutional buzzwords, unaccompanied by any federal constitutional analysis, does not suffice to carry the burden of demonstrating fair presentment of a federal claim." *Adelson*, 131 F.3d at 263. *See also Gagne*, 835 F.2d at 8; *Dougan*, 72 F.2d at 201. Accordingly, since no federal constitutional claim was ever raised in the petition presented to the SJC, Massachusetts' highest court, the habeas petition contains an unexhausted claim, and must, therefore, be dismissed. *See Rose*, 455 U.S. at 510, 518-19. *See also Picard*, 404 U.S. at 275 ("It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation")(quoting *Darr v. Buford*, 339

6

U.S. 200, 204 (1950)).

## CONCLUSION

For the foregoing reasons, the respondent respectfully requests that this Court dismiss this habeas petition on the grounds that it contains an unexhausted claim.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Maura D. McLaughlin
Maura D. McLaughlin (BBO # 634923)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ex. 2857

Dated: February 5, 2004

### Certificate of Service

I hereby certify that on February 5, 2004, I caused a true and accurate copy of the above document to be served via first class mail, postage prepaid, upon Luis Ortiz, petitioner *pro se*, Souza Baranowski Correctional Center, P.O. Box 8000, Harvard Road, Shirley, Massachusetts 01464.

/s/ Maura D. McLaughlin
Maura D. McLaughlin