UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LUIZ ORTIZ,
      Petitioner

v.                                Civil Action No. 03-12531-NG

EDWARD FICCO,
      Respondent

PETITIONER'S MOTION TO AMEND PETITION
UNDER 28 USC §2254 FOR WRIT OF
HABEAS CORPUS BY PERSON IN
STATE CUSTODY

Now comes Luis Ortiz, Petitioner in the above-captioned matter, and moves this Honorable Court for leave to amend his Petition by altering the language in Section 12A entitled "Ground One" to include a reference to his allegation that the Trial Judge's ruling in admitting police testimony of a hearsay statement is a violation of Petitioner's rights of confrontation and due process under the Sixth and Fourteenth Amendments to the United States Constitution and Article 12 of the Declaration of Rights. Petitioner attaches his proposed Amended Petition herewith.

Respectfully submitted,

LUIS ORTIZ

By his attorney,

Robert Y. Murray
RAMSEY & MURRAY
225 Friend Street
Boston, MA 02114
(617)723-8100
BBO 365060

Dated: August 31, 2004

AMENDED
PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

AO 241 (Rev. 5/85)

| **United States District Court** | District | Eastern Massachusetts |
|---|---|---|

| Name | Luis Ortiz | Prisoner No. W68187 | Case No. 1:03 CV 12531-NG |
|---|---|---|---|

| Place of Confinement |
|---|
| Souza Baranowski Correctional Center P.O. BOX 8000, Harvard Rd, Shirley, MA. 01464 |

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Luis Ortiz Petitioner | V. Edward Ficco, Superintendent Respondent |

| The Attorney General of the State of: | Massachusetts |
|---|---|

## PETITION

1. Name and location of court which entered the judgment of conviction under attack   Worcester Superior Court, 2 Main St., Worcester, MA. 01608-1176

2. Date of judgment of conviction   May 31, 2000

3. Length of sentence   #99-0487(1), 15-20 yrs.  #00-0487(2),9-10 yrs concurrent

4. Nature of offense involved (all counts)   #99-0487(1), Armed Assault w/ intent to Murder.
#99-0487(2), A and B, Dangerous Weapon

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒    No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court   Appeals Court       # 2001-P-0533

   (b) Result    Denied/Affirmed the Conviction

   (c) Date of result and citation, if known  784 NE2d 50, 57 Mass.App.Ct. 1111  (Feb. 28, 2003)

   (d) Grounds raised  Judge committting reversable error in admitting police testimony that the Commonwealth's principal witness identified the defendant at the scene following the incident, which testimony was hearsay subject to no exception.

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

     (1) Name of court   Supreme Judicial Court   # FAR - 13299

     (2) Result    Affirmed

     (3) Date of result and citation, if known     (Apr 30, 2003)

     (4) Grounds raised  Same as in the Appeals Court mentioned above.

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

     (1) Name of court     N/A

     (2) Result

     (3) Date of result and citation, if known

     (4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?   Yes ☐    No ☒

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court     N/A

     (2) Nature of proceeding

     (3) Grounds raised

AO 241 (Rev. 5/85)

_____

_____ N/A _____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐        No ☐

(5) Result _____ N/A _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____
_____ N/A _____

(3) Grounds raised _____

_____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐        No ☐

(5) Result _____
_____ N/A _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.          Yes ☐        No ☐
(2) Second petition, etc.          Yes ☐        No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
_____ N/A _____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
    Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A.  Ground one:

Judge committed reversible error in admitting police testimony that alleged victim's mother, Ann Torres, had identified the petitioner/defendant by name at the scene following the incident, which was hearsay, subject to no exception and which violates petitioner/defendant's rights of confrontation and due process under the Sixth and Fourteenth Amendments to the United States Constitution and Article Twelve of the Declaration of Rights.

Supporting Facts:

Torres' own testimony was conflicting as to whether she identified the alleged perpetrators to the detective at the scene following the incident.

The Superior Court admitted the evidence of Torres' identification at the scene admissible as a prior consistent statement. The Appeals Court upheld its admission on that theory.

Defense counsel objected during examination when the prosecutor reached the matter in question and two other times dealing with hearsay.

The evidence was not admissible as a prior consistent statement.

Defendant's theory is that Torres' motive to fabricate was to protect the perpetrator, her boyfriend, Frank Perez. Torres' accusation of the defendant at the time the shooting took place was made after the alleged motive to falsify came into existence. As a result Torres' alleged identification of the defendant at the scene was not admissible through the detective as a prior consistent statement. Thus the erroneous admission of this evidence was prejudicial and requires reversal.

AO 241 (Rev. 5/85)

C.     Ground three: _____ N/A _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____ N/A _____

_____

_____

_____

_____

_____

_____

D.     Ground four: _____ N/A _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____ N/A _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____ N/A _____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐      No ☒X

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a)     At preliminary hearing   C.P.C.S. Atty John T. Roemer, 340 Main St.  Rm. 724
    Worcester, MA.  01608-1601.

    (b)     At arraignment and plea   (same) Atty John T. Roemer

(c) At trial _____ (same) Atty. John T. Roemer

(d) At sentencing _____ (same) Atty. John T. Roemer

(e) On appeal _____ Eric S. Brandt, Esq.    (C.P.C.S.),  44 Broomfield St.
Boston, MA.  02108

(f) In any post–conviction proceeding _____ S.J.C. - Eric S. Brandt, Esq. (C.P.C.S.)

(g) On appeal from any adverse ruling in a post–conviction proceeding _____ N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?

Yes ☒ X    No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐    No ☒ X

(a) If so, give name and location of court which imposed sentence to be served in the future: _____ N/A

(b) Give date and length of the above sentence: _____ N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐    No ☐

N/A

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____ 8/31/04
(date)

_____
Signature of Petitioner

(7)