UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LUIZ ORTIZ,
       Petitioner

v.                                    Civil Action No. 03-12531-NG

EDWARD FICCO,
       Respondent

MEMORANDUM OF LAW IN SUPPORT OF
PETITIONER'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PETITION FOR
WRIT OF HABEAS CORPUS

Respondent's Rule 12(b)(6) attack on Petitioner's Petition for Writ of Habeas Corpus is based on a theory of Petitioner's failure to comply with the exhaustion of State remedies rule set out in 28 USC 2254 (b)(c). Petitioner has fully complied, and Respondent's Motion to Dismiss must be denied.

Argument

1. 28 U.S.C. §2254 provides for the remedy of an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that "he is in custody in violation of the Constitution of laws or treaties of the United States". Federal review of state convictions exists for the purpose of vindicating constitutional rights. To preserve the option of federal review, counsel in the state appeal(s) must argue the issues as federal constitutional claims and must exhaust the claims as such. See Nadworny v. Fair, 872 F.2d 1093, 100997 and n.2 (1st Cir. 1989) (noting that while exhaustion of federal claims is not a "jurisdictional" requirement, federal courts will reach unexhausted claims "only in some cases"). On this point, exhaustion requires that the federal claim be "fairly presented" to the state courts,

Picard v. Connor, 404 U.S. 270, 275 (1971); i.e., presented in a manner that "must have been likely to alert the court of the claims federal nature". Dougan v. Ponte, 727 F.2d 199, 201 (1st Cir. 1984) ("Fair presentation requires that the constitutional analysis necessary to resolve the ultimate question posed [in both courts] be substantially the same").

In many cases, the articulation requirement can also be easily satisfied if Counsel denominates the issues briefed in the state appeal as violations of the federal constitution and specifies the provision violated. Nadworny, supra at 872 F.2d 1093, 1097-98 (1st Cir. 1989). See Adelson v. DiPaola, 131 F.3d 259, 262-63 (1st Cir. 1997) (holding claim not exhausted where argument in state appeal set forth "factual underpinnings" of due process claim but made "no mention of the Fourteenth Amendment [or any] reference to the concept of due process"). Adelson also recommends that Counsel cite same constitutional case law that demonstrates the federal basis of the claim. See Adelson, supra at 262-63; Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994) (stating that citation of federal case law is "strongly recommended if only to avoid controvers[y]," though not required); Dyer v. Ponte, 749 F.2d 84, 87 (1st Cir. 1984) ("[C]ounsel would be well advised...not to rely on a passing reference to a constitutional provision without supporting federal argument and without citations to federal authorities"). Where counsel is also relying on a state law basis for the claim, the argument should make clear that the claim is based on both state and federal law. See Nadworny, supra at 1100-01.

However, once the federal claim has been "fairly presented" to the state court, the articulation requirement is satisfied even if the claim is not specifically, or separately,

addressed in the court's decision.  Smith v. Digmon, 434 U.S. 332, 333 (1978)(stating that exhaustion "cannot turn on whether a state appellate court chooses to ignore [the federal claim] in its opinion").  See Williams v. Holbrook, 691 F.2d 3, 8 (1st Cir. 1982).

In the case at bar the principal issue framed on appeal in both state appeals, one to the Massachusetts Appeals Court and the other for further review to the Massachusetts Supreme Judicial Court, was whether the trial judge committed reversible error in admitting police testimony that the Commonwealth's principal witness identified the Defendant at the scene following the incident, which testimony was hearsay subject to no exception.  See Brief and Record Appendix for the Defendant on Appeal, Appeals Court attached hereto as Exhibit "A", p. 1 and Memorandum in Support of Defendant's Application for Further Appellate Review, Supreme Judicial Court attached hereto as Exhibit "B", p. 9.

In each appeal Petitioner argued some or all of the state challenges to the hearsay; i.e., that the hearsay fell into no recognized exception to the hearsay rule either as a spontaneous utterance, to establish the State of Police Knowledge or as a Prior Consistent Statement.  See Exhibit "A", pp. 11-23 and Exhibit "B", pp. 12-15.  Petitioner also in each state appeal brief denominated the issues briefed as violations of the Defendant's rights of confrontation and due process under the Sixth and Fourteenth Amendments to the Federal Constitution and Article Twelve of the Federal Declaration of Rights, citing federal constitutional case law demonstrating the federal basis of the claim as recommended by the 1st Cir. Ct. of Appeals in Adelson.  See Exhibit "A", p. 18, Exhibit "B", p. 26.

Petitioner has met his burden of exhaustion of state remedies and is entitled to his day in this Honorable Court.

                                      LUIS ORTIZ

                                      By his attorney,

                                      /s/ Robert Y. Murray
                                      Robert Y. Murray
                                      RAMSEY & MURRAY
                                      225 Friend Street
                                      Boston, MA  02114
                                      (617)723-8100
Dated:  August 31, 2004            BBO 365060