that question was Anna Torres, and the answer turned entirely on the credibility of her claim that the defendant was the driver of the alleged car, which defense counsel directly challenged as false (see ante, at 9-10). Since the Commonwealth presented no independent evidence to corroborate that claim, its case against the defendant can hardly be regarded as overwhelming. The Commonwealth's case was overwhelming "only if one accepts as true the testimony of [its key witness]," which was precisely the issue to be decided by the jury. Commonwealth v. Beattie, 409 Mass. 458, 460 (1991).

On that issue, the admission of the challenged evidence was highly prejudicial. In arguing that Torres' accusation of the defendant was false, defense counsel focused in particular on the "delay" preceding her accusation, which he called "[o]ne of the most troubling problems with this case" (Tr. II/105). Defense counsel stressed that it was only "[after] she's had the opportunity to talk with Frankie ... that they have decided on who to name" as the perpetrators of the crime (Tr. II/105-306). Apart from the challenged testimony of the detective, this argument concerning Torres' opportunity to fabricate was strongly

supported by the evidence -- which otherwise showed that she did not name the alleged perpetrators until the next afternoon at the police station, some twenty-four hours after the incident (see ante, at 5-6).

However, according to the detective's erroneously admitted hearsay, Torres gave him the names of the perpetrators in their conversation at the scene following the incident (Tr. II/45-46; see- II/33). In the presence of this testimony, defense counsel was only able to argue that Torres named the alleged perpetrators "some hours" after the incident (Tr. 11/105), which the evidence showed to be only 1-1 1/2 hours after the incident (see ante, at 4-5).

Furthermore, the prosecutor took full advantage of the challenged testimony to rebut defense counsel's theory of Torres' fabrication. In his closing, the prosecutor stressed this testimony as showing that Torres gave the detective the names "right away ... at the scene", i.e., "right after the shooting", and that her accusation of the defendant had thus been "consistent" from the start (Tr. II/112-113). The prosecutor's "heavy emphasis" on the testimony thereby compounded the prejudice. Commonwealth v. Coplin, 34 Mass. App. Ct.

470, 484 (1993). See also Commonwealth v. Daye, supra, 393 Mass at 61 (recognizing "the superior probative worth of an identification made closer in time to the [incident]").[16] Thus, in its net effect, the challenged testimony both improperly bolstered Torres' credibility and improperly undercut the defendant's theory that her accusation of the defendant was false.

F. Federal Constitutional Error

The admission of the detective's hearsay testimony by the trial judge constituted prejudicial error and violated the petitioner's rights of confrontation and due process under the Sixth and Fourteenth Amendments to the U.S. Constitution and Article Twelve of the Declaration of Rights.

[16]In addition, the prosecutor's argument was reinforced by the judge's instruction in the charge on prior consistent statements, which was the principal theory on which the challenged testimony was admitted (see ante,at 17-18). That instruction told the jury correctly, that such a statement may be considered in evaluating the "credibility" or "reliab[ility]" of a witness whose testimony is claimed to be contrived (Tr. II/136-137). And while the instruction did limit use of the statement to the issue of credibility (Tr. II/137), Torres' credibility was, in fact, the central issue in the case.

Incriminating statements admissible under an exception to the hearsay rule are not admissible under the Sixth Amendment to the U.S. Constitution unless the prosecution produces the declarant and unless the statement bears adequate indicia of reliability and is supported by guarantees of trustworthiness. Ohio v. Roberts, 448 U.S. 56, 1980.

The crux of the question then is whether the Commonwealth, as the proponent of evidence presumptively barred by the hearsay rule and the Confrontation Clause, has carried its burden of demonstrating, the reliability and trustworthiness of the hearsay sufficiently to withstand scrutiny under the Confrontation Clause.

For the reasons set out above in great detail it is clear that not only did the Commonwealth fail to establish that the highly prejudicial hearsay testimony of the police witness fit into any recognized hearsay exception, but so too did the Commonwealth fail to establish under all of the circumstances that the police testimony was either reliable or trustworthy. See Idaho v. Wright. 497 U.S. 805, 816-823.

CONCLUSION

For the reasons stated herein the Petitioner prays for the relief to which he is entitled including a reversal of the Judgments entered in the State Court.

Respectfully submitted,

LUIS ORTIZ

By his attorney,

Robert Y. Murray
RAMSEY & MURRAY
225 Friend Street
Boston, MA 02114
(617)723-8100
BBO 365060

December 16, 2004

## United States Constitution

### Sixth Amendment

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defence.

### Fourteenth Amendment

SEC. 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.

## Massachusetts Declaration of Rights

### Article Twelve

No subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him; or be compelled to accuse, or furnish evidence against himself. And every subject shall have a right to produce all proofs, that may be favorable to him; to meet the witnesses against him face to face, and to be fully heard in his defence by himself, or his counsel, at his election. And no subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled, or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land. And the legislature shall not make any law, that shall subject any person to a capital or infamous punishment, excepting for the government of the army and navy, without trial by jury.

# Commonwealth of Massachusetts
# WORCESTER SUPERIOR COURT
# Case Summary
# Criminal Docket

## Commonwealth v Ortiz, Luis

Details for Docket: WOCR1999-00487

**Case Information**

| | | | |
|---|---|---|---|
| **Docket Number:** | WOCR1999-00487 | **Caption:** | Commonwealth v Ortiz, L |
| **Entry Date:** | 10/15/1999 | **Case Status:** | Crim 2 (203 Worcester) |
| **Status Date:** | 05/05/2003 | **Session:** | Disposed (appeal denied |
| **Lead Case:** | NA | **Deadline Status:** | Deadline act |
| **Trial Deadline:** | 01/20/2000 | **Jury Trial:** | NO |

## Parties Involved

2 Parties Involved in Docket: WOCR1999-00487

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Ortiz | **First Name:** | Luis |
| **Address:** | 164 Chino Avenue | **Address:** | |
| **City:** | Worcester | **State:** | MA |
| **Zip Code:** | 01605 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Commonwealth | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

3 Attorneys Involved for Docket: WOCR1999-00487

**Attorney Involved:**

| | | | |
|---|---|---|---|
| **Last Name:** | Roemer | **Firm Name:** | MA154 |
| **Address:** | 340 Main Street | **First Name:** | John |
| **City:** | Worcester | **Address:** | Room 724 |
| **Zip Code:** | 01608 | **State:** | MA |
| **Telephone:** | 508-791-9288 | **Zip Ext:** | 1601 |
| **Fascimile:** | 508-753-7662 | **Tel Ext:** | |
| | | **Representing:** | Ortiz, Luis (Defendant) |

**Attorney Involved:**

| | | | |
|---|---|---|---|
| **Last Name:** | Brandt | **Firm Name:** | MA130 |
| **Address:** | 44 Bromfield Street | **First Name:** | Eric S |
| **City:** | Boston | **Address:** | |
| **Zip Code:** | 02108 | **State:** | MA |
| **Telephone:** | 617-482-6212 | **Zip Ext:** | |
| **Fascimile:** | 617-542-4726 | **Tel Ext:** | |
| | | **Representing:** | Ortiz, Luis (Defendant) |

**Attorney Involved:**

| | | | |
|---|---|---|---|
| **Last Name:** | Greco | **Firm Name:** | WORC02 |
| **Address:** | 2 Main Street | **First Name:** | Richard L |
| **City:** | Worcester | **Address:** | Court House |
| **Zip Code:** | 01608 | **State:** | MA |
| **Telephone:** | 508-755-8601 | **Zip Ext:** | |
| **Fascimile:** | 508-831-9899 | **Tel Ext:** | |
| | | **Representing:** | |

## Calendar Events

13 Calendar Events for Docket: WOCR1999-00487

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|---|---|---|---|---|---|
| 1 | 11/08/1999 | 09:00 | Arraignment | 1 | Defendant did not appear/default |
| 2 | 01/20/2000 | 09:00 | Arraignment | 1 | Event held as scheduled |
| 3 | 02/07/2000 | 09:00 | Conference: Pre-Trial | 1 | Event not held--scheduled for another date |
| 4 | 02/14/2000 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 5 | 04/04/2000 | 09:00 | TRIAL: by jury | 1 | Event not held--scheduled for another date |

| | | | | | |
|---|---|---|---|---|---|
| 6 | 04/04/2000 | 09:00 | Hearing: Misc Matters | 1 | Event not held--scheduled for another date |
| 7 | 05/04/2000 | 09:00 | Conference: Pre-Trial | 1 | Event held as scheduled |
| 8 | 05/11/2000 | 09:00 | Hearing: Evidentiary-suppression | 1 | Event held as scheduled |
| 9 | 05/12/2000 | 09:00 | TRIAL: by jury | 1 | Event not held--scheduled for another date |
| 10 | 05/15/2000 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 11 | 05/30/2000 | 09:00 | TRIAL: by jury | 2 | Trial begins |
| 12 | 05/31/2000 | 09:00 | TRIAL: by jury | 2 | Trial ends |
| 13 | 06/01/2000 | 09:00 | Hearing: Sentence Imposition | 2 | Event held as scheduled |

## Full Docket Entries

87 Docket Entries for Docket: WOCR1999-00487

| Entry Date: | Paper No: | Docket Entry: |
|---|---|---|
| 10/15/1999 | 1 | Indictment returned |
| 10/25/1999 | | Summons for arraignment issued |
| 11/08/1999 | | Warrant on indictment issued (Sosman,J) |
| 12/03/1999 | | Filed to locate pending apprehension (Sosman,J) |
| 01/20/2000 | | Default removed; warrant recalled (Donohue,J) |
| 01/20/2000 | | RE Offense 1:Plea of not guilty |
| 01/20/2000 | | RE Offense 2:Plea of not guilty |
| 01/20/2000 | | Bail set: $1,000,000.00 w/surety or $100,000.00 Cash w/o prejudice |
| 01/20/2000 | | (bail warrant issued) Donohue,J) |
| 01/20/2000 | | Committee for Public Counsel Services appointed (Donohue,J) |
| 01/20/2000 | 2 | Legal counsel fee assessed: $100.00 |
| 01/20/2000 | | Deft arraigned before Court |
| 01/20/2000 | | Brought forward from filed to locate |
| 03/20/2000 | 3 | Deft files Motion to Suppress Out-Of-Court and In-Court |
| 03/20/2000 | 3 | Identification Testimony w/Affidavit & Memorandum in Support |
| 04/04/2000 | | Records recieved from Worcester Police Department (DSS Drawer) |
| 04/10/2000 | 4 | Deft filesMotion for Discovery of Identification Procedures |
| 05/04/2000 | 5 | Pre-trial conference report filed |
| 05/11/2000 | | Motion (P#3 DENIED (Fecteau,J) |
| 05/11/2000 | 6 | Commonwealth files Memorandum of Law in Opposition to Motion to |
| 05/11/2000 | 6 | Suppress Identification |
| 05/11/2000 | 7 | Deft files Motion to Exclude Opinion of Gang Membership - NO action |
| 05/11/2000 | 7 | at this time but reviewable if circumstances change (Fecteau,J) |

| | | |
|---|---|---|
| 05/11/2000 | 8 | Deft files Motion to Exclude Statements of Jose Ortiz - No action at |
| 05/11/2000 | 8 | this time but reviewable if circumstances change (Fecteau,J) |
| 05/11/2000 | 9 | Deft files Motion to Exclude Alias |
| 05/11/2000 | 10 | Deft files Motion for Funds - ALLOWED (not expedited) (Fecteau,J) |
| 05/11/2000 | 10 | (Sue Garvin notified) |
| 05/12/2000 | 11 | Deft files Motion to Exclude Statements of Jose Ortiz |
| 05/12/2000 | 12 | Deft files Motion to Examine Jurors |
| 05/30/2000 | | Hospital records from Umass Hospital received 1package Rhakicha Pe |
| 05/30/2000 | | #17164 |
| 05/30/2000 | 13 | Deft files Motion for Limiting Instruction |
| 05/31/2000 | 17 | RE Offense 1:Guilty verdict |
| 05/31/2000 | 14 | Deft files Motion to Bar Jury Instruction Regarding Confidence of |
| 05/31/2000 | 14 | Evywitness - ALLOWED (Fecteau,J) |
| 05/31/2000 | 15 | Deft files Motion for Required Finding of Not Guilty - DENIED |
| 05/31/2000 | 15 | (Fecteau,J) |
| 05/31/2000 | 16 | Deft files Request for Jury Instructions |
| 05/31/2000 | | Sentencing continued to 6/1/00 (Fecteau,J) |
| 05/31/2000 | | HELD WITHOUT BAIL to 6/1/00 (Fecteau,J) |
| 05/31/2000 | 18 | RE Offense 2:Guilty verdict |
| 05/31/2000 | | Sentencing continued to 6/1/00 (Fecteau,J) |
| 06/01/2000 | | Sentence imposed: (RE: OFFENSE #1) 15 - 20 years Cedar Junction |
| 06/01/2000 | | (Fecteau,J) |
| 06/01/2000 | | Sentence credit given as per 279:33A: 133 days |
| 06/01/2000 | | Victim-witness fee assessed: $60.00 |
| 06/01/2000 | | Sentence stayed until 06/02/2000 (Fecteau,J) |
| 06/01/2000 | | HELD WITHOUT BAIL to 6/2/00 (Fecteau,J) |
| 06/01/2000 | | Sentence imposed: (RE: OFFENSE #2) - 9-10 years Cedar Junction, |
| 06/01/2000 | | concurrent with 99-0487(1) - 133 days credit (Fecteau,J) |
| 06/01/2000 | 18 | Notice of appeal (verdict) filed by deft |
| 06/01/2000 | | Exhibits received - 2000 box |
| 06/02/2000 | | Hospital records Not Available from UMASS-Memorial Medical Center |
| 06/02/2000 | | #17178 |
| 06/08/2000 | 19 | Notice of appeal (sentence) filed by defendant |
| 06/12/2000 | | Victim-witness fee paid as assessed $60.00 |
| 06/13/2000 | | Sentence Appeal assembled & mailed to Appellate Division |
| 06/13/2000 | | Court Reporter SUSAN GARVIN is hereby notified to prepare one co |
| 06/13/2000 | | the transcript of the evidence of MAY 11, 30 & 31, 2000. |
| 06/13/2000 | | Court Reporter RICHARD ROMANOW is hereby notified to prepare o |
| 06/13/2000 | | of the transcript of the evidence of JUNE 1, 2000. |
| 06/20/2000 | 20 | Appearance of Deft's Atty: Eric S Brandt |
| 08/22/2000 | | Transcript of testimony received from Richard H. Romanow (1 volun |

| | | |
|---|---|---|
| 08/22/2000 | | 6/1/00) |
| 01/02/2001 | 21 | Deft files Motion for Docket Entry (docket mailed) |
| 01/08/2001 | 22 | Deft files Motion to Waive Costs and Fees Pursuant to 280 s.4 with |
| 01/08/2001 | 22 | Affidavit of Indigency & Memorandum of Law in Support (case to |
| 01/08/2001 | 22 | Fecteau,J) |
| 02/06/2001 | | Transcript of testimony received from Susuan Garvin (3 volumes of |
| 02/06/2001 | | 5/11/00, Motion to Suppress hearing, Trial, 5/30 & 5/31/00) |
| 02/23/2001 | | Copies of transcripts mailed to Atty Brandt & DA |
| 03/14/2001 | | Copies of P#'s 3,6,8 & 11, Motion to Suppress exhibit, & all trial |
| 03/14/2001 | | exhibits mailed to Atty. Brandt. |
| 03/22/2001 | | Motion (P#22) DENIED without prejudice. It is not appropriate to |
| 03/22/2001 | | consider this motion as part of the criminal proceedings (Fecteau,J) |
| 03/22/2001 | | (deft & DA notified ) |
| 04/12/2001 | 23 | Notice of assembly of record; Notices mailed to John Conte, District |
| 04/12/2001 | 23 | Attorney and Atty Eric Brandt. Notices under Appellate Rule (d) |
| 04/12/2001 | 23 | mailed to Appeals Court, together with the list of exhibits, 4 |
| 04/12/2001 | 23 | volumes of the original transcripts and 1 copy. 2 certfied copies of |
| 04/12/2001 | 23 | the docket entries, the Clerk's statement of the case and a certified |
| 04/12/2001 | 23 | copy of the Notice of Appeal. |
| 04/19/2001 | | Case entered in Appeals Court on 4/18/01 #2001-P-533 |
| 05/05/2003 | 24 | Rescript received from Appeals Court (#Re: #01-P-533); judgment |
| 05/05/2003 | 24 | AFFIRMED with Memorandum and Order (dated 2/28/03) (copies mailed) |
| 05/14/2003 | 25 | Defendant files motion to revise and revoke sentence |

## Charges

2 Charges for Docket: WOCR1999-00487

| No. | Charge Description: | Indictment: | Status: |
|---|---|---|---|
| 1 | Assault, armed, intent to murder | WODA99-00487 | Guilty verdict |
| 2 | Assault & battery, dangerous weapon | WODA99-00487 | Guilty verdict |

© Copyright, Massachusetts Administrative Office of the Trial Court, 2000 - 2001.

R-6

# United States District Court
# District of Massachusetts (Boston)
# CIVIL DOCKET FOR CASE #: 1:03-cv-12531-NG

Ortiz v. Ficco
Assigned to: Nancy Gertner
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 11/25/2003
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

-----------------------

**Luis Ortiz**

represented by **Robert Y. Murray**
Ramsey & Murray
225 Friend Street
Boston, MA 02114
617-723-8100
Fax: 617-723-3983
Email: murray@rmboston.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

-----------------------

**Edward Ficco,** ***Superintendent***

represented by **Maura D. McLaughlin**
Office of the Attorney General
Criminal Bureau, Appellate Division
One Ashburton Place, 18th Floor
Boston, MA 02108
617-727-2200, ext 2857
Fax: 617-727-5755
Email:
maura.mclaughlin@ago.state.ma.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/25/2003 | 1 | MOTION for Leave to Proceed in forma pauperis by Luis Ortiz. (Jenness, Susan) (Entered: 12/17/2003) |
| 11/25/2003 | 2 | AFFIDAVIT in Support of Application to Proceed In Forma |

R-7

| | | |
|---|---|---|
| | | Pauperis. (Jenness, Susan) (Entered: 12/17/2003) |
| 11/25/2003 | 3 | MOTION to Appoint Counsel by Luis Ortiz.(Jenness, Susan) (Entered: 12/17/2003) |
| 11/25/2003 | 4 | AFFIDAVIT in Support of Motion for Appointment of Counsel (Jenness, Susan) (Entered: 12/17/2003) |
| 11/25/2003 | 7 | PETITION for writ of habeas corpus pursuant to 28:2254-Filing Fee to be submitted 42 days from 12/23/03, filed by Luis Ortiz.(Jenness, Susan) (Entered: 01/09/2004) |
| 11/25/2003 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Bowler. (Jenness, Susan) (Entered: 02/06/2004) |
| 12/17/2003 | | Case undergoing preliminary screening (Jenness, Susan) (Entered: 12/17/2003) |
| 12/23/2003 | 5 | Judge Nancy Gertner : ORDER entered denying 1 Motion for Leave to Proceed in forma pauperis. The Petitioner is ordered to pay the $5.00 filing fee within 42 days from the date of this Order, or this action will be subject to dismissal for failure to pay the filing fee. The clerk shall enter the habeas petition on the docket with a filing date of November 25, 2003. cc/pet via us mail, respondent via certified mail (Jenness, Susan) (Entered: 01/09/2004) |
| 12/23/2003 | 6 | Judge Nancy Gertner : ORDER entered denying without prejudice 3 Motion to Appoint Counsel to the filing of such a motion after the respondent has filed a responsive pleading. cc/pet via us mail (Jenness, Susan) (Entered: 01/09/2004) |
| 12/23/2003 | 8 | Judge Nancy Gertner : ORDER entered SERVICE ORDER re 2254 Petition. Order entered pursuant to R.4 of the Rules governing Section 2254 cases for service on respondents. Answer/responsive pleading due w/in 20 days of rcpt of this order. cc/pet via us mail, cc/resp via certified mail(Jenness, Susan) (Entered: 01/09/2004) |
| 01/20/2004 | | Filing fee: $ 5.00, receipt number 53247 regarding filing fee (Filo, Jennifer) (Entered: 01/20/2004) |
| 02/03/2004 | 9 | Letter/request (non-motion) from Luis Ortiz to Office of the Clerk re: request for copy of docket sheet. (Filo, Jennifer) (Entered: 02/06/2004) |
| 02/05/2004 | 10 | ANSWER to Complaint by Edward Ficco.c/s(Filo, Jennifer) (Entered: 02/09/2004) |

| | | |
|---|---|---|
| 02/05/2004 | 11 | MOTION to Dismiss Petition for Writ of Habeas Corpus by Edward Ficco. c/s(Filo, Jennifer) (Entered: 02/09/2004) |
| 02/05/2004 | 12 | MEMORANDUM in Support re 11 MOTION to Dismiss filed by Edward Ficco.c/s (Filo, Jennifer) (Entered: 02/09/2004) |
| 02/05/2004 | 13 | MOTION for Leave to Dispense with the Conference Requirement of Local Rule 7.1 by Edward Ficco. c/s(Filo, Jennifer) (Entered: 02/09/2004) |
| 02/06/2004 | | DOCKET SHEET sent to Luis Ortiz. (Filo, Jennifer) (Entered: 02/06/2004) |
| 02/17/2004 | 15 | MOTION to Appoint Counsel by Luis Ortiz.(Filo, Jennifer) (Entered: 02/19/2004) |
| 02/17/2004 | 16 | PETITIONER'S AFFIDAVIT in Support re 15 MOTION to Appoint Counsel. c/s(Filo, Jennifer) (Entered: 02/19/2004) |
| 02/28/2004 | | Judge Nancy Gertner : ELECTRONIC ORDER entered granting 13 Motion for Leave to Dispense with Conference, granting 15 Motion to Appoint Counsel. (Gertner, Nancy) (Entered: 02/28/2004) |
| 04/15/2004 | | ATTORNEY ASSIGNMENT Request forwarded to Magistrate Judge Bowler's Deputy Clerk for appointment of counsel. (Filo, Jennifer) (Entered: 04/15/2004) |
| 04/15/2004 | 17 | Judge Nancy Gertner : ORDER entered REFERRING CASE to Magistrate Judge Marianne B. Bowler Referred for: Appointment of Counsel(Filo, Jennifer) (Entered: 04/15/2004) |
| 04/23/2004 | 18 | Judge Marianne B. Bowler : ORDER entered CJA 20: Appointment of Attorney Robert Y. Murray for Luis Ortiz (Filo, Jennifer) (Entered: 05/05/2004) |
| 04/23/2004 | | Case no longer referred to Magistrate Judge Marianne B. Bowler. (Filo, Jennifer) (Entered: 05/05/2004) |
| 06/03/2004 | | ELECTRONIC NOTICE of Hearing re status conference :STATUS CONFERENCE set for 7/9/2004 02:15 PM in Courtroom 2 before Nancy Gertner. (Molloy, Maryellen) (Entered: 06/03/2004) |
| 06/25/2004 | 19 | ASSENTED TO MOTION to Continue Status Conference by Edward Ficco.(Filo, Jennifer) (Entered: 06/29/2004) |
| 07/02/2004 | | Judge Nancy Gertner : Electronic ORDER entered granting 19 |

| | | |
|---|---|---|
| | | Motion to Continue Status Conference. Hearing is hereby cancelled. The Court will issue and electronic notice of new date. (Filo, Jennifer) (Entered: 07/02/2004) |
| 07/07/2004 | | ELECTRONIC NOTICE of Hearing: Status Conference set for 7/22/2004 02:15 PM in Courtroom 2 before Nancy Gertner. (Filo, Jennifer) (Entered: 07/08/2004) |
| 07/22/2004 | | Electronic Clerk's Notes for proceedings held before Judge Nancy Gertner : status conference held;Response to mtn to dismiss due on 8/31/04, reply due on 9/13/04. (Court Reporter none.) (Molloy, Maryellen) (Entered: 07/22/2004) |
| 08/31/2004 | 20 | MOTION to Amend 7 Petition for writ of habeas corpus (28:2254) by Luis Ortiz.(Filo, Jennifer) (Entered: 09/03/2004) |
| 08/31/2004 | 21 | Opposition re 11 MOTION to Dismiss filed by Luis Ortiz. (Filo, Jennifer) (Entered: 09/03/2004) |
| 08/31/2004 | 22 | MEMORANDUM OF LAW by Luis Ortiz in Support of 21 Opposition to Motion Defendant's Motion to Dismiss. (Filo, Jennifer) (Entered: 09/03/2004) |
| 08/31/2004 | 23 | CERTIFICATE OF SERVICE by Luis Ortiz re 20 MOTION to Amend 7 Petition for writ of habeas corpus (28:2254), 21 Opposition to Motion, 22 Memorandum of Law. (Filo, Jennifer) (Entered: 09/03/2004) |
| 09/21/2004 | | Judge Nancy Gertner : ELECTRONIC ORDER entered denying 11 Motion to Dismiss under the auhtority of Barresi v. Maloney, 296 F. 3d 48, 52 (2002) finding that the petitioner's ALOFAR, in light of the backdrop of petitoner's lower state court filings, "was minimally sufficient to apprise the SJC of the continuing federal constitutional dimension of his appeal." 296 F. 3d at 53. (Gertner, Nancy) (Entered: 09/21/2004) |
| 09/21/2004 | 24 | Judge Nancy Gertner : ELECTRONIC ORDER entered granting 20 Motion to Amend for two reasons: First, the petitioner has just obtained counsel; second, the Commonwealth has filed no opposition. (Gertner, Nancy) (Entered: 09/21/2004) |
| 10/14/2004 | 25 | JOINT MOTION for Briefing Schedule by Edward Ficco, Luis Ortiz. (Filo, Jennifer) (Entered: 10/20/2004) |
| 11/29/2004 | 26 | JOINT MOTION to Amend Briefing Schedule by Edward Ficco, Luis Ortiz.(Filo, Jennifer) (Entered: 12/08/2004) |
| | | |

| | | |
|---|---|---|
| 12/01/2004 | | Judge Nancy Gertner : ELECTRONIC ORDER enteredgranting 25 Motion To Set Up a Briefing Schedule. (Gertner, Nancy) (Entered: 12/01/2004) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/16/2004 10:57:23 | | | |
| **PACER Login:** | rm0757 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:03-cv-12531-NG |
| **Billable Pages:** | 3 | **Cost:** | 0.21 |




Medical Center

University Campus
55 Lake Avenue North
Worcester, MA 01655
Tel: 508-334-1000

# MEDICAL RECORD CERTIFICATION

I, the undersigned, Keeper of the Records of the UMassMemorial Medical Center, do hereby certify, pursuant to General Laws Chapter 233, Section 79 and/or Section 79G, under the pains and penalties of perjury, that:

- I am authorized by the custodian of Health Information for the UMassMemorial Medical Center.
- The attached record is a true and accurate copy of Rhakicha Perez, patient of said Hospital.

Subscribed and sworn under the pains and penalties of perjury by me this 26th day of May, 2000.

Beth Allen, MRA/lLB
Beth Allen
Manager, Operations
Health Information Department

Please Note: If any questions regarding the attached photocopies should arise, please contact the Health Information Department at 508.856.6103 or 508.856.6973.



R-12 ... 04 10:28 NO.006 P.42

UMASS MEMORIAL MEDICAL CENTER • UNIVERSITY CAMPUS

# EMERGENCY DEPARTMENT PHYSICIANS REPORT

082293

PEREZ
[illegible]
07/05/91
[illegible]
WILFRED ST 5087971329
[illegible]CESTER MA 01604

00072964

PRINT IN INK OR STAMP WITH PATIENT CARD

D/HMO — Time(s): 1515

PERSON CALLED

☐ Call Returned (Time ) ☐ Approval ( ☐ Visit ☐ Admission)

PRE-HOSPITAL RX

☐ Medical Control

TRIAGE VITAL SIGNS

| ☐ Nursing Notes Reviewed | Blood Pressure | P | R | Temp | Weight | $O_2$ Sat |
|---|---|---|---|---|---|---|
| | L R | | | | | % |

HPI Time: Source: ☐ Interpreter (☐ Service) CC

PMH | MEDICATIONS

ROS Const ○ Eyes ○ ENT ○ CV ○ Resp ○ GI ○ GU ○ MS ○ Integ ○ Neuro ○ Endo ○ Heme ○ Immun ○

Comment if ⊕ :

Last dT:

SH ETOH ○ Tobacco ○ Drugs ○ Comment if ⊕ :

ALLERGIES ☐ NKA

FH ☐ NC Comments:

EXAM General:

Skin:

HEENT:

Neck/Back:

Heart/Lungs:

Abdomen:

GU/Rectal:

Extr/Pulses:

Neuro:

See Trauma H+P

ECG

LAB

RADIOLOGY

DDX

PROCEDURE NOTE

RX RESPONSE

ATTENDING NOTE

PROCEDURES

Airway: ☐ Oral ☐ Nasal ☐ ETT
Lines: ☐ IJ ☐ SC ☐ IO ☐ Art
G tube: ☐ Oral ☐ Nasal ☐ Lavage
Anesth.: ☐ Topical ☐ Local ☐ Digital ☐ Nerve ☐ Hematoma ☐ Bier ☐ NO ☐ IV/CS ☐ RSI
Wound: ☐ Irrig ☐ Expl ☐ Lig ☐ Deb/Rev ☐ FB Rem
Suture: ☐ Simple ☐ Layered
Joint/Fx: ☐ Aspir ☐ Reduct
Splint: ☐ Ace ☐ Alum ☐ Stack ☐ Plaster ☐ F-glass ☐ Air
Ortho: ☐ Collar ☐ Sling ☐ Cane ☐ Crutch ☐ Immobilizer
Other: ☐ Foley ☐ I&D ☐ LP ☐ Vent ☐ Counseling

CONSULTS

Emerg Urg Elect | ED FT

DISPOSITION ☒ Home ☐ Admit (☐ ICU ☐ OR ☐ Tel ☐ Floor) ☐ Obs ☐ CDU ☐ Transfer ☐ AMA ☐ LWBS ☐ Eloped ☐ Morgue ☐ Other

DISCHARGE TIME CONDITION ☐ Same ☒ Improved ☐ Worse ☐ Expired MODE ☒ Ambulatory ☐ Assisted ☐ WC ☐ Ambulance

DIAGNOSES Superficial abrasions ? 2° to gunshot

DISCHARGE PLAN (1) Wash abrasions 2x/day with soapy water and apply bacitracin. Then apply clean dressing. No swimming or bathing. Shower is ok. See wound care instructions on back and return to ER for any signs of symptoms listed

PRESCRIPTIONS (Drug, Dose, Freq, #) Tylenol 500mg every 4 hours as needed for pain

FOLLOW-UP (Who, Where, When) Call Dr. Haitzhu in [illegible] for appointment in 7-10 days

See your primary care physician within 24 hours. Call immediately if worse, new problems arise, or any of the following:

...856-3511 if you have questions or are unable to reach your primary care or follow-up physician.

I read and understand instructions above.

SIGNATURES: Ana Torres [signature]

This signature for tests documented ...

UNIVERSITY OF MASSACHUSETTS
MEDICAL CENTER

EMERGENCY DEPT AND INPATIENT TRAUMA HISTORY
PHYSICAL EXAM, AND ED PROGRESS RECORD

PAGE 1

DATE: 8/22/99

PRINT IN INK OR STAMP WITH PATIENT CARD

**SUMMARY OF INJURIES**

1cm lac. over medial aspect of (L) arm
2-3cm lac over (L) flank.

**MANAGEMENT OF INJURIES**

Irrigated (L) arm wound + loosely close c̄ 5/0 surgilene (2 sutures)

**DIAGNOSTIC TESTS/RESULTS**

X RAYS
☐ C-SPINE TO C ___ LAT ___ A/P ___ ODONTOID ___
☐ RESULTS
☒ CHEST XR -ve.
☐ PELVIS
☐ T-SPINE
☐ L-SPINE
☒ EXTREMITIES (L) arm -ve

☐ CT SCAN ABD
HEAD
CHEST
☐ URETHROGRAM
☐ ANGIOGRAPHY
☐ CYSTOGRAM
☐ OTHER

**LAB RESULTS**

H ___ H ___ WBC ___
GLUCOSE ___ BUN ___ CREAT. ___
LYTES/Na ___ Cl ___ K ___ $CO_2$ ___
AMYLASE ___ P.T. ___ P.T.T. ___
ETOH ___ TOX SCREEN ___
BLOOD ___ TYPE & HOLD
___ TYPE & X MATCH # ___ UNITS
U/A ___
URINE HCG ___

ABG'S

| | pH | PO2 | PCO2 | HCO3 |
|---|---|---|---|---|
| #1 | | | | |
| #2 | | | | |
| #3 | | | | |

ABD. TAP
CELL CT. ___
BILI ___ AMYLASE ___
GRAM ST ___
CULTURE ___

TIME ___ **PROCEDURES** ET ☐ NT ☐ INTUBATION SIZE ___ CRICO ☐ SIZE ___
☐ FOLEY CATH. SIZE ___ DIPSTICK: POS ☐ NEG ☐
☐ DPL
☐ CHEST TUBE SIZE ___
SIZE ___ LOCATION ___
☐ OPEN THORACOTOMY ___ OTHER ___ LOCATION ___
☐ NG TUBE SIZE ___ R NARE ☐ L NARE ☐ ORAL ☐ MAST TROUSERS ON ☐ INFLATED ☐
OTHER ___

DISPOSITION TO: ☐ OR ☐ ICU ☐ ADMIT ☐ MORGUE ☒ HOME
CONDITION ON DISCHARGE: ☒ GOOD ☐ FAIR ☐ CRITICAL ☐ DEATH IN E.D. ☐ DOA TIME: ___
AUTOPSY: ☐ YES ☐ NO TIME OUT: ___

R-14

**NARRATIVE NOTES (Patient Responses / Additional Events / Interventions)**

1516 ⓟ CXR done — JR

Ⓛ CARBON X-RAYS done — JR

wound abd cleansed + dressed

wound Ⓛ upper arm sutured dressed per MD

IV D/Ced

1600 ⓢ Discharged ⓒ instructions — [illegible] MD

**INTAKE**

| Solution | Blood | Time Up | Time Abs | Amt. Abs. |
|---|---|---|---|---|

**OUPUT**

| Time | Urine | Chest Tube - L - | Chest Tube - R - | [illegible] | Other |
|---|---|---|---|---|---|
| Time/ Totals | | | | | |

**BELONGINGS**

CLOTHING: ☐ NONE ☐ CUT ☒ WITH PATIENT ☐ DISCARD ☒ GIVEN TO: [illegible] Police [illegible]

WALLET/ PURSE: ☒ NONE ☐ SAFE ☐ WITH PATIENT ☐ GIVEN TO:

GLASSES: ☒ NONE ☐ WITH PATIENT ☐ SAFE ☐ GIVEN TO:

DENTURES: ☐ UPPER ☒ NONE ☐ WITH PATIENT ☐ SAFE ☐ GIVEN TO:

☐ LOWER ☐ NONE ☐ WITH PATIENT ☐ SAFE ☐ GIVEN TO:

JEWELRY: ☒ NONE ☐ SAFE ☐ WITH PATIENT ☐ GIVEN TO (LIST)

OTHER: ☐ SAFE ☐ WITH PATIENT ☐ GIVEN TO (LIST)

**DISPOSITION/TIME:**

☒ Home 1600 ☐ Morgue/ME

☐ O.R. ☒ Acuity 2C

Sue [illegible] (Signature) Primary R.N.

Deb Ferguson (Signature) Deb [illegible] Recorder

**INITIALS AND SIGNATURE: (Any additional documentation must be initialled.)**

[illegible] RN

# Central Massachusetts E.M.S. Run Report 9938230

Central Massachusetts Emergency Medical Systems Corporation

[illegible]

517105

Control Number: 8/22/32 | Date: 8/22/99 | Dispatch Priority: 2 | Patient Name: Rhakicha Perez

Age: 8 | Sex: M (F) | Patient's Physician:

Mechanism of Injury and Chief Complaint: GSW x2 Found

Degree of Distress: Mild, Moderate, Severe

History of Present Illness: 8 y/o ♀ in mothers arms crying. Pt w/ GSW to (L) anterior upper arm & (L) chest wall [illegible] non-penetrating / [illegible] superficial (L) chest wall abrasion / burn @ 1/4" deep) [illegible] GA. [illegible] 99% RA [illegible] skin warm dry [illegible] CSM's [illegible] x4 ∅ other trauma, pt talking, [illegible] O2 / IV en-route pt → [illegible] ∅ [illegible]

Past Medical History: ∅

Medications: ∅

Allergies: ∅ ☐ NKDA

Vital Signs: ☐ Unable to obtain ☐ Not attempted

| Time Taken | Blood Pressure: (E) | Pulse | Resps: (F) |
|---|---|---|---|
| 1504 | 98/P | 124 | 24 |

PEREZ
RHAKICHA
07/05/91 B
SP
[illegible] WINIFRED ST 5087971327
WORCESTER, MA 01604
PCP [illegible]
000729640
F

Skin: ☐ Hot ☑ Warm ☐ Cool ☐ Diaphoretic ☑ Dry
Color: ☑ Normal ☐ Cyanotic ☐ Flushed ☐ Pale

☑ Regular ☐ Irregular ☐ Normal ☐ Bounding ☐ Weak

☑ Normal ☐ Obstructed ☐ Shallow ☐ Labored ☐ Absent

Breath Sounds: Right Left

Eye Opening: (4) Spontaneous (2) Pain

Motor Response: (C) (6) Obeys (5) Localizes

Type of Injuries: ☐ None ☐ Possible internal
(number sites, and injury site)
1. Abrasion
2. Amputation
7. Concussion
8. Dislocation
9. Fracture - closed
10. Fracture - open
11. Laceration
12. Puncture
13. Sprain / Strain

Pupils: Right Left
☑ Reactive
☐ Unreactive
☐ Dilated
☐ Mid-point
☐ Constricted
Size (mm)

(3) Inappropriate
(2) Incomprehensible
(1) None

13-15 = 4 | 4-5 = 1
9-12 = 3 | 0-3 = 0
6-8 = 2 | (A+B+C=D)

Trauma Score: (D+E+F)

Pedi Trauma Score: (draw line through parameter and add score)

| Score | Size | Airway | Systolic BP | CNS | Skeletal | Cutaneous |
|---|---|---|---|---|---|---|
| +2 | >20Kg | Normal | >90 mmHg | awake | none | none |
| +1 | 10-20 Kg | Maintainable | 50-90 mmHg | Obtunded | single fx | laceration |
| -1 | <10 Kg | unmaintainable | <50 mmHg | coma | open/mult fx | Major |

Emergency Care Administered: ☐ None
☑ Oxygen 15 LPM NRB
☐ Suction
☐ Ventilation
☐ Airway Insert
☐ Cardiac Compression
☐ Spinal Immobilization
☐ Splinting
☐ Bandaging
☐ Hemorrhage Control
☐ Saline Irrigation
☐ Ice Packs
☐ Burn Packs
☐ Obstet. Delivery
☐ Psych. First Aid
☐ Extrication
☐ Vomiting Induced

Mast Trousers ☐ Applied ☐ Inflated by:
Time of Inflation:

IV Administration: Drug Mix/Type / Solution/Rate / Gauge/Route / Time Started 1506

Medication | Dose | Time | Ad. by | Dose | Time | Ad. by

☐ Blood Drawn by:
☐ EOA / EGTA Placed by:
☐ Endotracheal tube placed by:
Size:
Time:

Defibrillation Time (paced) | Joules (ma) | Performed by:

Other Treatment:

Service Name: UMASS
EMT Name & No.:
EMT Name & No.:
EMT Name & No.:
EMT Name & No.:
Dispatch Location: UMASS
Pick-up Location: Outside at G.B.V.
Destination: UMASS

Vehicle Number
Time Received 1458
Dispatched 1459
Arrived Scene 1501
Departed Scene 1503
Arrived Hosp. 1508
Back in Service
Est. Incident time

AID REFUSAL: I acknowledge that medical care is offered me by this ambulance service and I refuse care.
Signature:
Witness:
Med. Ctl. Physician:
Med. Ctl. Hospital:
Attendant's Signature: