**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| LUIS ORTIZ, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 03-12531-NG |
| EDWARD FICCO, | ) | |
| Respondent. | ) | |

**MEMORANDUM IN OPPOSITION TO**
**PETITION FOR WRIT OF HABEAS CORPUS**

The respondent hereby submits this memorandum in opposition to the petition for writ of habeas corpus filed by Luis Ortiz ("the petitioner"). In his habeas petition, the petitioner claims that the trial judge committed reversible error in admitting police testimony that the Commonwealth's principal witness identified the petitioner at the scene of the crime following the incident. The petitioner claims that this testimony was hearsay, not subject to any exception, and that admission of the disputed testimony violated his rights under the Confrontation Clause of the Sixth Amendment.[1]

The petitioner's claim must be denied, however, because the trial court's decision to admit the testimony was a ruling of state law, and errors of state law, as opposed to constitutional questions, cannot form the basis for a habeas corpus claim. Moreover, even if this

[1] The petitioner also claims that his rights under the Fourteenth Amendment have been violated, but does not present argument or citation which in any way distinguishes his Fourteenth Amendment claim from his Sixth Amendment claim. Accordingly, this memorandum will address the petitioner's claims collectively as a Sixth Amendment claim.

Court were to examine the merits of the petitioner's Sixth Amendment claim, the claim would still fail because the petitioner's Confrontation Clause rights were not violated: the witness whose statement was presented through the police officer testified at trial, and the petitioner had full opportunity to cross-examine her on the subject of her previous statement. Furthermore, any violation of the petitioner's Sixth Amendment rights which did occur can only be seen as a harmless error when viewed in light of the trial proceedings as a whole. Accordingly, the petition must be denied.

**STATEMENT OF THE CASE**

On May 31, 2000, following a trial in the Worcester County Superior Court, the petitioner was found guilty of armed assault with intent to murder and of assault and battery with a dangerous weapon. *See* Docket Sheet, contained in Supplemental Answer, filed herewith (hereinafter cited as "Supp. Ans.") as Exhibit 1; *see also Commonwealth v. Luis Ortiz,* 57 Mass. App. Ct. 1111 (table), Supp. Ans., Ex. 4.

The petitioner appealed his convictions on direct appeal to the Massachusetts Appeals Court. *See* Supp. Ans., Exs. 2-4. The Appeals Court affirmed the petitioner's convictions on February 28, 2003.[2] *See Commonwealth v. Luis Ortiz,* 57 Mass. App. Ct. 1111 (table), Supp. Ans., Ex. 4. The petitioner filed an application for further appellate review ("ALOFAR") with

---

[2] The Massachusetts Appeals Court did not address the Confrontation Clause claim which the petitioner now brings before this Court. The respondent submits that neither the Appeals Court nor the Massachusetts Supreme Judicial Court reached the constitutional claim because the petitioner did not exhaust his Sixth Amendment claim in state court; i.e., he did not present his claim to the state's highest court before bringing it in federal court. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). The respondent has briefed the exhaustion issue in full in his previously-filed memorandum in support of his motion to dismiss on the grounds of exhaustion, and the respondent incorporates that document herein by reference.

the Massachusetts Supreme Judicial Court ("SJC"). *See* Supp. Ans., Ex. 6. The SJC denied the petitioner's motion for further appellate review on April 30, 2003. Supp. Ans., Ex. 6, *Commonwealth v. Luis Ortiz,* 439 Mass. 1104 (table) 2003.

The petitioner filed the instant petition for a writ of habeas corpus on November 25, 2003.

**STATEMENT OF FACTS**

The trial in the underlying criminal case involves a drive-by shooting which wounded a seven year-old girl. At trial, Anna Torres, the mother of the young victim, testified that the petitioner was the driver of the car from which the shots had been fired. (Tr. I:73, 76-77, 79-83). On direct examination, Ms. Torres testified that on the day of the shooting she identified the petitioner to the police as one of the three men in the car involved in the drive-by shooting.[3] (Tr. I:89-90). Ms. Torres also testified that on the day following the shooting she went to the police station, and gave a statement identifying the petitioner as being involved in the shooting. (Tr. I:95-98). Ms. Torres further identified a photograph of the petitioner at the police station, and testified in court that the petitioner was the driver of the car. (Tr. I:104-107).

A Worcester police detective, Detective William Hinson, testified that he spoke with Anna Torres on the day of the shooting, and that she identified the petitioner as being one of the individuals involved in the shooting. (Tr. II:25-26, 45-46).

The petitioner's defense at trial was that Ms. Torres had falsely accused the defendant in order to protect Frankie Perez, who was her boyfriend and her child's father. (Tr. I:67-68, 108;

---

[3] Ms. Torres identified the petitioner as "Pete Malek," which was the name by which she had known him. (Tr.I:73, 89-90). Ms. Torres clarified at trial that when she spoke of Pete Malek, she meant the petitioner. (Tr. I:90).

Tr. II: 99-102, 105-06 (counsel's closing argument, arguing that Anna Torres was untruthful and that she had testified falsely in order to protect Frankie Perez)); *see also Commonwealth v. Ortiz*, 57 Mass. App. Ct. 1111, n.1 (noting that the petitioner "sought to portray Anna's testimony implicated the [petitioner] as having been fabricated" to protect her boyfriend from being suspected of the shooting). On cross-examination of Ms. Torres, defense counsel elicited Ms. Torres' statement that she identified the petitioner to the police the day after the shooting, rather than on the day of the shooting itself. (Tr. I:150).

## ARGUMENT

### I. The Petitioner's Claim Regarding the Admission of the Disputed Testimony Is a Question of State Law, and Thus Cannot Form the Basis for Federal Habeas Corpus Relief.

The petitioner's habeas petition must be denied because the court's ruling on the question of whether Ms. Torres' testimony was admissible as an exception to the general hearsay rule was a question of state law, and matters of state law cannot furnish the basis for federal habeas relief.[4] *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990).

#### A. Standard to be Applied

Errors of state law do not provide a basis for federal habeas corpus relief. *Estelle*, 502 U.S. at 67-68; *Lewis*, 497 U.S. at 780. It is not the province of a federal habeas court to

[4] The question of whether the testimony was admissible under an exception to the hearsay rule is distinct from the question of whether the admission of the testimony violated the petitioner's rights under the Confrontation Clause. *See generally* Petitioner's Brief, pp. 14-25 (citing Massachusetts state law in support of his argument that the testimony did not fall into an exception to the hearsay rule). The Confrontation Clause question is addressed in Section II of this Memorandum, below.

reexamine state court determinations of state law questions. *Lewis*, 497 U.S at 780-81. In other words, this Court does not have jurisdiction in the federal collateral attack of the petitioner's state court conviction to review a claimed error of a State's evidentiary law. A federal court may issue a writ of habeas corpus only when a conviction violates the constitution, laws, or treaties of the United States. *Estelle*, 502 U.S. at 67-68; 28 U.S.C. §§ 2241, 2254. "Even if an error of state law could be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment," a federal court may not issue a writ to redress such a deprivation if the claims are merely ancillary to perceived errors of state law. *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984). *See also Adelson v. DiPaola*, 131 F.3d 259, 262 n.3 (1st Cir. 1997); *Hamm v. Latessa*, 72 F.3d 947 (1st Cir. 1995), *cert. denied*, 519 U.S. 947 (1996); *Pitts v. Lockhart*, 911 F.2d 109, 111-12 (8th Cir. 1990), *cert. denied*, 501 U.S. 1253 (1991)(petitioner's claims that he was deprived of due process and equal protection were not grounds for habeas relief where his conviction was obtained in contravention of state law, no matter how "serious and fundamental the error" may have been).

B. The Instant Case

In this case, the petitioner claims that the trial court's admission of the police officer's testimony about Anna Torres' identification of the shooter following the shooting was hearsay that did not fall into any of the recognized exceptions to the hearsay rule. However, the question of whether the evidence was properly admitted under the Massachusetts Rules of Evidence is not the question before a federal habeas court; rather, federal review is limited to the question of whether admitting the evidence violated the petitioner's constitutional rights. *See Oliver v. Wood*, 96 F.3d 1106, 1108 (8th Cir. 1996)("We will not re-examine whether evidence was

properly admitted under state law . . . . Rather, we consider only the question whether [the petitioner's] conviction was obtained in violation of the United States Constitution); *Jennings v. Maynard*, 946 F.2d 1502, 1505 (10th Cir. 1991). As the Tenth Circuit has observed:

> Although the rules of evidence are helpful in determining whether Confrontation Clause rights are violated, on habeas corpus review "we need not address whether hearsay evidence as properly admitted under the [Oklahoma Evidence Code] or whether admission would have been proper under the Federal Rules of Evidence; rather our inquiry is whether the admission of hearsay evidence deprived [the defendant] of his rights under the Sixth Amendment to confront and cross-examine the witnesses against him."

*Jennings*, 946 F.2d at 1505, *citing Hopkinson v. Shillinger,* 866 F.2d 1185, 1201 (10th Cir. 1989), *cert. denied* 497 U.S. 1010 (1990).

Here, the decision as to whether to admit the testimony of the police officer as to Ms. Torres' statement following the shooting was a question of state law purely within the discretion of trial judge. The Massachusetts Appeals Court's decision upholding the trial judge's evidentiary ruling rests on a determination that the judge had correctly applied Massachusetts law regarding hearsay.[5] *See Commonwealth v. Ortiz,* 57 Mass. App. Ct. 1111 (2003)(finding that

---

[5] The petitioner claims that the statement was not properly admitted as a prior consistent statement since a prior consistent statement "is only admissible to rebut a claim of recent fabrication, and only if the statement was made before the alleged motive to fabricate arose." Petitioner's Brief, p. 20. The petitioner asserts that the Massachusetts state courts applied the "prior consistent statement" doctrine incorrectly, because Ms. Torres' motive to fabricate -- to protect her boyfriend -- arose at the time the shooting took place, and thus preceded the first identification statement. *See id.*, p. 21. The petitioner overlooks, however, the fact that defense counsel at trial attempted to show that Ms. Torres' motive to give a false identification arose "after [she] had an opportunity to talk things over with Frankie [her boyfriend]." Tr. I:162-63). Moreover, in its decision, the Appeals Court specifically noted that defense counsel had tried to show that Ms. Torres' motive to fabricate arose after she spoke with Mr. Perez, finding that "as the cross-examination of Anna reveals, the defendant attempted to elicit testimony that it was not until well after Anna had returned from the hospital, and had had a chance to speak with her boyfriend, Frankie, that Anna had identified the defendant as one of the three assailants." *See Commonwealth v. Ortiz*, 57 Mass. App. Ct. 1111, n.1.

Ms. Torres' statement "was admissible as a prior consistent statement to rebut the charge that Anna's in-court statements were fabricated to cast suspicion on someone other than her boyfriend Frankie [Perez, her boyfriend]"). As such, the decision to admit the police officer's testimony was a matter of state evidentiary law, not implicating the Constitution. The ruling cannot, therefore, form the basis of a claim for federal habeas relief. *See Salemme v. Ristaino*, 587 F.2d 81, 85 (1st Cir. 1978) ("[h]abeas relief is unavailable to persons solely on the basis of alleged errors in evidentiary rulings")

## II. The Petitioner's Rights under the Confrontation Clause of the Sixth Amendment Were Not Violated by the Admission of Ms. Torres' Out-of-court Statement since Ms. Torres Testified and Was Subject to Cross-examination at Trial.

The Confrontation Clause of the Sixth Amendment is concerned with the long-established right of an accused person to confront and cross-examine his accuser.[6] *See Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)(stating that the Sixth Amendment is concerned with a criminal defendant's "right . . . to be confronted with the witnesses against him"). The Supreme Court has recently held that "the Framers [of the Constitution] would not have allowed admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify and the defendant had a prior opportunity for cross-examination." *Id.*, 541 U.S. at ___, 124 S.Ct. at 1365.

[6] Since the case of *Crawford v. Washington* was decided after the state court's decision was rendered, *Crawford* does not apply to the present habeas claim. *See Teague v. Lane*, 489 U.S. 288 (1989)(federal habeas court cannot apply a new rule of law to the collateral review of a petitioner's state court conviction); *see also Beard v. Banks,* ___ U.S. ___ , 124 S.Ct. 2504 (2004)(finding that the exceptions to *Teague* are extremely limited that). However, this brief will cite to the *Crawford* case, because the *Crawford* case so clearly explains the concerns addressed by the Confrontation Clause and because even under *Crawford*'s stricter standard there is no Sixth Amendment violation here.

In the instant case, however, the concerns addressed by the Confrontation Clause simply do not exist simply because there were no statements "of a witness who did not appear at trial." To the contrary, the person whose out-of-court statement was admitted, Anna Torres, testified at trial and was subject to cross-examination by the petitioner.[7] *See generally,* Tr. I:107-165, 170. The record shows that the petitioner had the opportunity to, and did, cross-examine Ms. Torres on the very issue on which the officer testified, i.e., whether she identified the petitioner on the day of the crime. *See* Tr. I:150-153. Therefore, the admission of the police officer's testimony on this point (which was not even offered for its truth, as is set forth in Section III, below) did not deprive the petitioner of the right to confront his accuser and did not violate the Sixth Amendment.

**III. Even If Some Violation of the Petitioner's Rights Did Occur, it Was a Harmless Error in the Context of the Entire Trial.**

Even if this Court were to find that the admission of the disputed testimony ran afoul of the petitioner's Confrontation Clause rights, this Court is only empowered to grant the requested writ of habeas corpus "if it finds that the error was not harmless." *See Hill v. Brigano*, 199 F.3d 833, 846 (6th Cir. 1999). In order to find that the admission of the evidence was not harmless, this Court must find that the trial court's error, "considered in light of the record as a whole, 'had [a] substantial and injurious effect or influence in determining the jury's verdict.'"*Levasseur v. Pepe*, 70 F.3d 187, 193 (1st Cir. 1995), *citing Brecht v. Abrahamson*, 507 U.S. 619 (1993). In

---

[7] In *Crawford*, the Washington Supreme Court had found that the evidence was hearsay, not subject to any exception other than its general "reliability." *See Crawford*, 541 U.S. at ____, 124 S.Ct. at 1358. The *Crawford* decision does not address the admission of statements which are not offered for their truth, but rather to show that the in-court statements are consistent (or inconsistent) with a witness' prior testimony.

determining whether a jury was impermissibly influenced by the admission of the disputed testimony, this Court must consider "(1) the extent to which the error permeated the proceeding; (2) the centrality of the issue affected by the error to the case as actually tried and (3) the relative strength of the properly admitted evidence of guilt." *Levasseur*, 70 F.3d at 193, *citing Brecht*, 507 U.S. at 637-39.

Here, admitting the officer's testimony could not have impermissibly influenced the jury. At the outset, it should be noted that the trial judge admitted the testimony not for its truth, but rather only for the purpose of rebutting the charge that Ms. Torres had fabricated her in-court statements. As the Appeals Court noted:

> [T]he trial judge instructed the jury that an out-of-court statement, whether consistent or inconsistent with in-court testimony, "is not itself positive evidence of facts mentioned in it. To repeat, if there's been a suggestion that a witness contrived testimony at trial, when you evaluate that claim, you may also take into account whether any earlier statement the witness made which is consistent with the present testimony. The prior statement is relevant only as to the credibility of the witnesses on that particular point."

*Commonwealth v. Ortiz*, 57 Mass. App. Ct. 1111 (2003). Since the testimony was not admitted for its truth, but rather to rebut the charge that Ms. Torres was lying, it did not add any evidence of the petitioner's guilt, and did not improperly sway the jury against the petitioner.

Furthermore, the officer's testimony did not improperly taint the trial because Ms. Torres identified the petitioner as being involved in the crime both in identification procedures subsequent to the day of the incident and at trial. *See* Tr. I: 79-83, 101-106. The admission of Detective Hinson's testimony was, at most, cumulative of the testimony which Ms. Torres gave during her direct examination. Moreover, defense counsel at trial had full opportunity to, and did, attack Ms. Torres' credibility. *See generally* Tr. I: 107-165, 170; Tr. II: 97-107.

Accordingly, even if any Sixth Amendment violation did occur, the error was harmless and the petition for habeas corpus should be denied.

**CONCLUSION**

For the foregoing reasons, the respondent respectfully requests that this Court deny the petition for a writ of habeas and dismiss the petitioner's complaint in its entirety.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Maura D. McLaughlin
Maura D. McLaughlin (BBO # 634923)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ex. 2857

Dated: February 1, 2005

**Certificate of Service**

I hereby certify that on February 1, 2005, I caused a true and accurate copy of the above document to be served via first class mail, postage prepaid, upon Robert Murray, Esq., counsel for the petitioner, Ramsey & Murray, 225 Friend Street, Boston, Massachusetts 02114.

/s/ Maura D. McLaughlin
Maura D. McLaughlin