UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
LUIS ORTIZ,                      )
     Petitioner,                 )
                                 )
          V.                     )    Civil Action No. 03-12531-NG
                                 )
EDWARD FICCO,                    )
     Defendant.                  )
```
GERTNER, D.J.:

MEMORANDUM AND ORDER RE:
PETITION FOR WRIT OF HABEAS CORPUS
April 21, 2005

I.   **INTRODUCTION**

Luis Ortiz petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 [docket entry # 7].  Petitioner alleges that the trial judge violated his rights under the Sixth and Fourteenth Amendments in admitting police testimony that the Commonwealth's principal witness identified petitioner at the scene of the crime following the incident.  For the reasons stated below, I hereby **DENY** the petition.

II.  **BACKGROUND**

     A.   **Procedural History**

On May 15, 1999, petitioner was charged in two indictments with armed assault with intent to murder and assault and battery by means of a dangerous weapon.  Petitioner pleaded not guilty. On May 30 and 31, 2000, the case was tried before a jury in the Worcester County Superior Court.  After the jury found him guilty, petitioner was sentenced to a term of fifteen to twenty

years on the armed assault charge and to a term of nine to ten years on the assault and battery charge, to be served concurrently.

Petitioner appealed his case to the Massachusetts Court of Appeals on April 18, 2001. The Appeals Court affirmed petitioner's conviction on February 28, 2003. See Commonwealth v. Ortiz, 57 Mass. App. Ct. 1111 (2003). Petitioner then filed an application for further appellate review with the Supreme Judicial Court, which was denied on April 30, 2003. See Commonwealth v. Ortiz, 439 Mass. 1104 (2003).

Petitioner filed the instant petition for a writ of habeas corpus on November 25, 2003 [docket entry # 7]. Respondent moved to dismiss the petition as unexhausted [docket entry # 11], a motion that the Court denied on September 21, 2004.

B.   **Trial Testimony**

The charges in the underlying criminal case stem from a drive-by shooting in which a seven-year-old girl was wounded. At trial, Anne Torres -- the girl's mother -- testified that petitioner was the driver of the car from which the shots were fired. On direct examination, Torres testified that on the day of the shooting, she identified petitioner to the police as one of three men in the car. She also testified that the day after the shooting, she went to the police station and gave a statement identifying petitioner as the driver of the car. Torres was the only witness to the shooting who testified at trial.

Petitioner's defense at trial was that Torres falsely accused petitioner in order to protect Frankie Perez, who was her boyfriend and daughter's father. Petitioner contended that Perez shot at another man during an argument and that Torres fabricated the story about the drive-by. Because petitioner did not present any witnesses at trial, this theory was cultivated through cross-examination of the Commonwealth's witnesses, principally Torres.

To rebut the charge of fabrication, the Commonwealth elicited testimony from Worcester Police Detective William Hinson that he spoke with Torres on the day of the shooting and that she identified petitioner as the driver of the car. The trial court admitted this testimony under the hearsay exception for prior consistent statements. It is the admission of this testimony that petitioner challenges in the instant petition.

### III. <u>ANALYSIS</u>

#### A.    <u>Standard of Review</u>

Because Ortiz's petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, this Court's review is governed by the strictures of that Act. <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997). In relevant part, AEDPA precludes a federal court from granting habeas relief unless the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States," or (2) turned on "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2); see also Tyler v. Cain, 533 U.S. 656, 660 (2001).

However, this "strict standard of review only applies to a claim that was adjudicated on the merits in state court proceedings." Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001) (citing 28 U.S.C. § 2254(d)). "After all, AEDPA imposes a requirement of deference to state court decisions, but we can hardly defer to the state court on an issue that the state court did not address." Id. Where such deference is not required, the appropriate standard of review is de novo. Id.

In this case, it is clear that the state courts did not adjudicate petitioner's federal constitutional claims. The Supreme Judicial Court denied his appeal summarily, without a written opinion. Commonwealth v. Ortiz, 439 Mass. 1104 (2003). The Massachusetts Appeals Court based its affirmance exclusively on an examination of Massachusetts evidence law.[1] Commonwealth v. Ortiz, 57 Mass. App. Ct. 1111 (2003). Because this petition raises a situation similar to the one in Fortini -- where the Court can hardly defer to the state court on an issue the state

---

[1] An exception to the Fortini rule applies where the state cases upon which the state court relied "adhere to a standard that is more favorable to the defendants than the federal standard." Norton v. Spencer, 351 F.3d 1, 5 (1st Cir. 2003) (internal quotation omitted). Norton is not implicated here because the Appeals Court only addressed evidence law.

court did not address -- de novo review applies to petitioner's federal constitutional claims.

### B.  **Evidentiary Challenge**

Petitioner devotes the bulk of his petition to challenging the admission of Detective Hinson's testimony that Torres identified petitioner as the driver of the car on the day of the shooting.  As noted above, the trial court admitted this testimony under the hearsay exception for prior consistent statements, which applies only to rebut a claim of recent fabrication and only if the statement was made before the alleged motive to fabricate arose.  See Commonwealth v. Binienda, 20 Mass. App. Ct. 756, 758-59 (1985).  Petitioner claims that Torres's statement should not have been admitted on this basis because her motive to fabricate arose the instant her daughter was wounded.  In addition, petitioner argues at length that the statement would have been admissible under none of the other hearsay exceptions argued by the prosecutor at trial.

The problem with petitioner's argument -- and it is a fatal one -- is that errors of state law do not provide a basis for federal habeas corpus relief.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Rather, a federal district court reviewing a state court conviction may only issue a writ of habeas corpus when the conviction violates the constitution, law, or treaties of the United States.  Id.  Accordingly, "habeas relief is unavailable to persons solely on the basis of alleged errors in

evidentiary rulings." Salemme v. Ristaino, 587 F.2d 81, 85 (1st Cir. 1978) (citing Lisenba v. California, 314 U.S. 219, 228 (1941)); see also Jenning v. Maynard, 946 F.2d 1502, 1505 (10th Cir. 1991).  Furthermore, the error alleged by petitioner did not "so infuse[ ] the trial with inflammatory prejudice as to render a fair trial impossible."  587 F.2d at 86.  I therefore **DENY** relief on the basis of petitioner's evidentiary challenge.

    C.    **Confrontation Clause Challenge**

Petitioner contends that the admission of Detective Hinson's testimony violated his rights of confrontation and due process under the Sixth and Fourteenth Amendments.  The Confrontation Clause of the Sixth Amendment is concerned with the long-established right of an accused to confront and cross-examine his accuser: "[T]he Framers [of the Constitution] would not have allowed admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." See Crawford v. Washington, 541 U.S. 36, 53-54 (2004).[2]

Respondent is quite right, however, that in this case the declarant testified at trial and was subject to cross-

---

[2] Respondent cites Crawford in his brief, despite his contention that -- because Crawford was decided after petitioner was convicted -- it does not apply to his habeas claim.  See Teague v. Lane, 489 U.S. 288 (1989). Nevertheless, respondent states that its "brief will cite to the Crawford case because the Crawford case so clearly explains the concerns addressed by the Confrontation Clause and because even under Crawford's stricter standard there is no Sixth Amendment violation here."  Resp. Mem. at 7 n.6.  I cite to Crawford in this memorandum for the same reasons.

examination. Indeed, the record shows that petitioner's counsel cross-examined Torres at length about whether she identified petitioner on the day of the shooting. Accordingly, the admission of Detective Hinson's testimony -- which, incidentally, was not even admitted for the truth of the matter -- did not violate the Sixth Amendment. For the same reason, the testimony was not an affront to the Due Process Clause of the Fourteenth Amendment. I therefore **DENY** relief on the basis of petitioner's Confrontation Clause and Due Process Clause challenges.

## IV.  CONCLUSION

For the foregoing reasons, I hereby **DENY** the petition for a writ of habeas corpus.

**SO ORDERED.**

**Dated:    April 21, 2005**              **/s/ NANCY GERTNER, U.S.D.J.**